UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CARENCRO EXPRESS L L C**            **CASE NO.  6:21-CV-02895**

**VERSUS**                             **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO**      **MAGISTRATE JUDGE CAROL B. WHITEHURST**

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 10] filed by defendant State Farm Fire & Casualty Company ("State Farm") and seeking a judgment on the applicability of certain extensions to the policy limits. Plaintiff Carencro Express LLC ("Carencro") opposes the motion. Doc. 15.

### I.
### BACKGROUND

This suit arises from damage inflicted by Hurricane Delta, which made landfall in Lafayette, Louisiana, on October 9, 2020, to Carenco's property. At all relevant times the property was insured under a commercial policy issued by State Farm, providing policy limits of $1,284,200 under Coverage A – Buildings and $10,400 under Coverage B – Business Personal Property. Doc. 10, att. 5, p. 76. Carencro asserts that State Farm failed to timely or adequately compensate it after receiving notice of its losses. Accordingly, it filed suit against State Farm in this court on August 25, 2021, raising claims of breach of insurance contract and bad faith. Doc. 1.

The case proceeded through the Streamlined Settlement Process outlined in the court's Case Management Order [doc. 3] for first-party insurance claims arising from Hurricanes Laura and Delta. However, mediation reached an impasse when the parties disagreed over the impact of equipment breakdown extension coverage under the policy on Coverage A policy limits. Accordingly, the special master suspended the Streamlined Settlement Process in order that the parties could resolve the dispute through a motion for summary judgment. Doc. 16, att. 1.

State Farm has now filed that motion, asserting that policy limits under Coverage A remain at $1,284,200 even if the policyholder shows that he is entitled to coverage for an equipment breakdown or other extensions. Doc. 10, att. 3. Carencro opposes the motion, arguing that the terms of the policy are ambiguous and that issues of fact remain as to the adequacy of State Farm's payments on the claim and Carencro's entitlement to bad faith penalties. Doc. 15.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go

beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy must be given their generally prevailing meaning and "interpreted in light of the other provisions so that each

is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). If ambiguities exist, they are construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Carencro maintains that it is entitled to extensions of coverage through the Collapse and Equipment Breakdown provisions of its policies. These extensions are both listed, among others, on the declarations page of the policy. Doc. 10, att. 5, p. 76. The limit of insurance for the Collapse, Equipment Breakdown, Outdoor Property, and Water Damage extensions is listed as "Included," and the preface to that section states:

> The coverages and corresponding limits shown below apply separately to each described Premises shown in these Declarations, unless indicated by "See Schedule." **If a coverage does not have a corresponding limit shown below but has "Included" indicated, please refer to that policy provision for an explanation of that coverage.**

*Id.* at 76–77 (emphasis added).

The Equipment Breakdown provision of the policy states, in relevant part:

> You may extend the insurance provided by this coverage form to apply for direct physical loss to Covered Property caused by an "accident" to "covered equipment." The most we will pay for each covered loss under this Extension of Coverage is the Limit of Insurance that applies to the Covered Property, unless a specific limit is stated in the Additional Coverages below.
> **The amount we pay under this Extension of Coverage, or any Additional Coverage described below, will not increase the applicable Limit of Insurance.**

*Id.* at 45 (emphasis added). Under this provision the policy goes on to set smaller coverage limits as to certain types of equipment breakdown losses, such as Spoilage and Data

Restoration, but provides under each section that the amount paid "will not increase the applicable Limit of Insurance." *Id.* at 46. Meanwhile, the only statement under the "Collapse" provision pertaining to limits of coverage provides: "The amount we pay under this Extension of Coverage will not increase the applicable Limit of Insurance." *Id.* at 41. In response, Carencro relies on a Summary of Loss produced as part of State Farm's disclosures in the Streamlined Settlement Process. *See* doc. 10, att. 6. This document is a note created by a State Farm adjuster and used in the claims handling process. Doc. 10, att. 4, ¶ 5. In a section titled "Endorsements" on that document, a limit of liability of $1,274,423.00 is provided next to "Equipment Breakdown." Doc. 10, att. 6.

      Contrary to Carencro's position, the court finds no ambiguity. The extensions of coverage plainly do not provide extensions of the policy limits, which are set forth in clear terms, much less a basis for doubling them. The Summary of Loss is a claims-related document and cannot be used to vary the unambiguous terms of the policy. Carencro's other arguments as to the availability of bad faith penalties have no relation to the coverage issue before the court today. State Farm is therefore entitled to summary judgment on its position that the availability of coverage under these extensions does not increase the policy limits set forth under Coverage A. To the extent that amount has already been tendered, then the policy limits are exhausted though issues of fact remain as to the timeliness of State Farm's payment and its liability for any bad faith penalties.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 10] will be **GRANTED** with the court declaring in State Farm's favor that policy limits under Coverage A are not impacted by the availability of additional coverage under the Equipment Breakdown or Collapse extensions. Plaintiff's claims remain pending before the court.

**THUS DONE AND SIGNED** in Chambers this 15th day of June, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE